**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESSE L. WALKER JR.

                Plaintiff,

vs.

METRO NORTH COMMUTER RAILROAD

                Defendant(s).

**PLAINTIFF'S REQUEST FOR "PROTECTIVE ORDER" CONCERNING DEPOSITION; PLAINTIFF'S MOTION FOR MULTIPLE RELIEFS CONCERNING DEPOSITION AND TRIAL SCHEDULE**
Case No. 23-cv-09883 (JPO)

For the reasons set forth at the July 10, 2025 Status Conference (Dkt. No. 39), Plaintiff's motion for a protective order precluding his deposition by Defendant is DENIED, and Plaintiff's motions for other forms of relief relating to the preservation of his vacation and/or personal days and payment for days spent on litigation are DENIED as unripe. The Clerk of Court is respectfully directed to close the motion pending at Docket No. 35.

SO ORDERED:

Date: July 11, 2025
New York, NY

*/s/ Gary Stein*
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

    Your Honor, the Plaintiff wishes to request a Protective Order and wants to file several motions seeking relief concerning his deposition and trial schedule. Numbered and listed below are those requests.

1. The Plaintiff seeks a Protective Order from being deposed by the Defendant. The Pro Se Plaintiff without a professional council is at an unfair disadvantage. Metro North Commuter Railroad has all the facts about this case and has been provided with extensive files and documents through discovery. Considering the extensive and comprehensive information the Plaintiff has provided I don't believe deposing the Plaintiff would serve any further benefit to the Defendant's case. The plaintiff sees this as an act of intimidation. Also, the Defendant states that this deposition can only take place during

1

work hours with no mention of compensation from loss wages the Plaintiff would lose to attend the deposition. This creates a hardship for the Plaintiff.

2. The Plaintiff wishes to file a motion to compel Metro North Commuter Railroad to excuse all the Plaintiff's absences from his workday when this case has an official calling. To include any depositions, any motion hearing and any trial days. Metro North Commuter Railroad has a rather strict attendance policy. In short, any four days of absence from work in a six-month period will lead to warnings, suspensions, or termination. This creates hardship for the Plaintiff since official callings and trial dates could exceed the maximum three allowed occurrences before the fourth day threshold for disciple is met. Further, the Plaintiff requests relief of this motion on the grounds that any scheduling delay, rescheduling, adjournment, or prolonging of the trial could be, or could be perceived as, weaponization by Metro North Commuter Railroad of its attendance policy against the Plaintiff.

3. The Plaintiff wishes to file a motion requesting financial relief. This case was brought before this court due to discrimination, harassment, targeting and retaliation by Metro North Commuter Railroad against the Plaintiff. The Plaintiff believes that Metro North Railroad should continue to pay him his hourly rate through all court proceedings including depositions and trial dates when he must attend in person or through video conference. Further, the asintiff requests relief of this motion on the grounds that any scheduling delay, rescheduling, adjournment, or prolonging of the trial could be, or could

be perceived as weaponization by Metro North Commuter Railroad in a monetary sense against the Plaintiff.

Defendant, Metro North Commuter Railroad, I request a hold on the scheduled deposition. I do believe this motion triggers a legal stay.

*Jesse L. Walker Jr.*

Jesse L. Walker Jr.                                                                                           June 8, 2025